### DUNCAN M'RAE *versus* JAMES MATTOON. 49

The action of debt on a bail bond is not taken away by *St.* 1784, *c.* 10, *it seems,* but it must be commenced within one year next after the entering up of final judgment against the principal.

Whether a bail bond is assignable by our law, so that the assignee may maintain an action in his own name, *quære.*

If an action upon a bail bond given in another State, could be maintained in this State, it must, by *St.* 1784, *c.* 10, be brought within a year after the entering up of final judgment against the principal : — but such an action cannot be maintained within this State.

DEBT. The first and second counts were upon a judgment recovered in North Carolina upon a *scire facias* against the de-

M‘Rae
*v.*
Mattoon.

fendant as bail of one Field. The pleadings on these counts terminated in issues of fact.

In the third count the plaintiff declared on the bail bond. He alleged that a suit was commenced in North Carolina, in the Court of Pleas and Quarter Sessions held for the county of Guilford in May 1825, against Field ; that Field was arrested in August 1825 ; that while he was in custody of the sheriff, the defendant became his bail, and, in accordance with the laws of North Carolina, jointly and severally with Field entered into a bond, conditioned that Field should appear in court upon the return of the writ and abide the judgment of the court ; that by the laws of North Carolina the bond was assignable to the plaintiff, and was accordingly assigned by the sheriff under seal of his office ; that judgment was recovered against Field on the third Monday of May 1826, for $ 842 ; that Field did not abide the judgment, but avoided ; that execution was issued against him and *non est inventus* was returned thereon ; that the judgment is in force ; that two writs of *scire facias* have issued against the defendant ; that he has not delivered up Field, who has never been found ; and that by the laws of North Carolina the bond is forfeited, whereby an action has accrued.

The defendant pleaded to this count, that this action on the bail bond was not commenced within one year after final judgment against Field in North Carolina.

To this there was a general demurrer.

50

*Sept.* 30*th.*

*Wells,* in support of the demurrer. An action will lie in this State upon a bail bond given in another State. *Pearsall* v. *Dwight,* 2 Mass. R. 84 ; *Powers* v. *Lynch,* 3 Mass. R. 80 ; 2 Huber. *lib.* 1, *tit.* 3, *De Conflictu Legum,* quoted in 3 Dallas, 370 ; *Vancleef* v. *Therasson,* 3 Pick. 13 ; *Commonwealth* v. *Brickett,* 8 Pick. 138 ; *Blanchard* v. *Russell,* 13 Mass. R. 1 ; *Prentiss* v. *Savage,* ibid. 20 ; *Hicks* v. *Brown,* 12 Johns. R. 142.

Our statute of 1784, *c.* 10, which enacts that no *scire facias* shall be served upon the bail, unless it be done within one year next after the entering up of final judgment against the principal, was intended to regulate proceedings against persons who become bail in this State. It was held in *Lane* v. *Smith,* 2 Pick. 283, that by reason of this provision, an action of debt on a

bail bond given in this State, could not be sustained, unless commenced within a year.  This statute limits an action of debt only where it limits *scire facias*, and as *scire facias* must issue out of the court rendering the judgment against the principal, the statute cannot apply to *scire facias* in another State and therefore cannot apply to an action of debt on a bail bond given in another State.

An action of debt lies at common law, on a bail bond, and it is a necessary inference that it will lie on a bail bond given in another State.  *Bean* v. *Parker*, 17 Mass. R. 602 ; *Lane* v. *Smith*, 2 Pick. 283 ; *Champion* v. *Noyes*, 2 Mass. R. 481.

Though *scire facias* is the more proper remedy where the bail is within the jurisdiction of the court which rendered the judgment against the principal, yet where he is out of the jurisdiction, debt is the proper action.  1 Dunlap's Pr. 186 ; *Haswell* v. *Bates*, 9 Johns. R. 80 ; *Chesterton* v. *Middlehurst*, 1 Burr. 642 ; *Gardiner* v. *Burham*, 12 Johns. R. 459 ; *Davis* v. *Gillett*, 7 Johns. R. 318.

The assignee of the bail bond may sue in his own name, both at common law, and by virtue of *St. 3 & 4 Ann. c. 16*, § 20, which has been adopted in this State.  1 Tidd's Pr. 245 ; *Commonwealth* v. *Brickett*, 8 Pick. 138 ; 5 Dane's Abr. 283, c. 150, art. 3, § 1.

*J. H. Ashmun* and *Grennell*, for the defendant.  Debt on a bail bond does not lie in this Commonwealth.  *Lane* v. *Smith*, 2 Pick. 283 ; *Pierce* v. *Reed*, 2 N. Hamp. R. 359.

But if such action is a proper remedy on a bond given here, it will not lie on a bond given in another State.  There is no remedy by action in a case like this, beyond the State where the bond is given.  If the action can be brought in another State, the bail is deprived of his right of surrendering the principal.  *Donatty* v. *Barclay*, 8 T. R. 152 ; *Walton* v. *Bent*, 3 Burr. 1923.

If an action of debt can be supported, it must be brought in the name of the obligee, and not of the assignee.  *Pearsall* v. *Dwight*, 2 Mass. R. 90 ; 1 Bac. Abr. 347, *Bail &c. D 2* ; 1 Chit. Pl. 10, 11.  The statute of Anne has not been adopted here.  It contains provisions in regard to bail, which our courts have no power to enforce.  If by the law of North Carolina

M'Rae
*v.*
Mattoon.

the assignee may sue in his own name, yet here he must pursue his remedy according to our law. *Orr* v. *Amory*, 11 Mass. R. 25 ; *Dawes* v. *Boylston*, 9 Mass. R. 337 ; *Bird* v. *Caritat*, 2 Johns. R. 342.

The limitation, by *St.* 1784, *c.* 10, of the time for bringing the action, must apply to bonds given in another State, as much as our general statute of limitations does to contracts entered into in another State. *Lane* v. *Smith*, 2 Pick. 283 ; 2 Bac. Abr. (Wilson's ed.) 472, *Limitation &c. D* ; *Nash* v. *Tupper*, 1 Caines's R. 402 ; *Blanchard* v. *Russell*, 13 Mass. R. 1 ; *Ruggles* v. *Keeler*, 3 Johns. R. 268 ; *Hubbell* v. *Coudrey*, 5 Johns. R. 132 ; *Bissell* v. *Hall*, 11 Johns. R. 168.

WILDE J. afterward drew up the opinion of the Court. In the third count the plaintiff declares, in an action of debt, on a bail bond, taken in North Carolina ; and the general question is, whether this count can be sustained. Several objections have been made by the defendant's counsel, which I shall briefly consider.

1. It is objected that debt will not lie on a bail bond. That an action in this form may be maintained by common law, we think, cannot well be doubted, although there are cases in which a contrary doctrine seems to have been held. Whether this remedy is taken away by the statute of 1784, *c.* 10, may be a question of more doubt. If, as the defendant's counsel contended, the limitation in the 3d section cannot be construed so as to extend to actions of debt, then we should have no doubt that the common law remedy must be considered as virtually abrogated by the statute ; for it can never be supposed that the legislature, while they limited the statute remedy against bail to a short period after judgment against the principal, intended to leave another remedy open and unlimited. Such a construction would render the limitation wholly nugatory. But if, on the other hand, this limitation may be, by a reasonable construction, extended to the action of debt as well as *scire facias*, as we think it may, then there seems to be nothing in the act, which expressly or impliedly takes away the former remedy.[1]

---

[1] In this State an action of debt will not lie upon a bail bond ; the proper remedy is a writ of *scire facias*. *Crane* v. *Keating*, 13 Pick. 339. So in New

2. It is also objected, that a bail bond is not assignable, so as to authorize the assignee to maintain an action at law in his own name.[2] Bail bonds are assignable by the law of England, and so we must understand them to be by the law of North Carolina, for it is so averred in the declaration. The assignment was therefore valid there, and we are bound to regard the rights of the assignee here, whether they are legal or equitable. If, however, bail bonds are not assignable by our laws, it would seem that the action cannot be maintained in the name of the assignee, but should have been brought in the name of the obligee. *Pearsall et al.* v. *Dwight et al.* 2 Mass. R. 90. But the view we have taken of the remaining objections renders it unnecessary further to discuss this point.

3. The third objection is founded on the limitation contained in the 3d section of the statute regulating bail ; and this objection we consider as decisive. As already remarked, the action of debt is either abrogated or limited by the statute, and upon neither construction can the third count be maintained. Considering the object and spirit of the act, we cannot doubt that we are bound to give it such a construction, as to exonerate the bail from all liability, after the time of limitation specified. The object of the act was to regulate the proceedings against bail, and to declare and define their rights and liabilities ; and it cannot be supposed that these were intended to depend on the form of action in which the creditor might seek his remedy. For instance, provision is made in the 2d section, allowing the bail to bring the principal into court on a *scire facias*, and directing their discharge, on the payment of costs. Now it cannot be reasonably maintained, that the bail may be deprived of this important privilege, at the will of the creditor, by his electing to bring debt instead of *scire facias*. And so as to all the other regulations and directions, they are to be substantially observed, whatever may be the form of action resorted to by the creditor.

But it has been argued, that admitting this construction of

Hampshire and North Carolina. *Pierce* v. *Reed,* 2 N. Hamp. R. 359 ; *Hunter* v. *Hill,* 2 Hayw. 223. See Revised Stat. *c.* 91, § 6 ; *Hale* v. *Russ,* 1 Greenleaf, 336.

[2] See *Hale* v. *Russ,* 1 Greenleaf, 336 ; *Pierce* v. *Reed,* 2 N. Hamp. R. 360.

M'Rae
*v.*
Mattoon.

the statute, the limitation does not operate upon actions brought upon bail bonds taken in another State. The language of the statute, however, is general, and there is no saving clause in respect to actions on bail bonds taken without the Commonwealth. The general principle is, that the limitation of the country in which the remedy is sought, and not that in which the demand arose, is to be observed. If, therefore, an action ever could have been maintained within this jurisdiction, it is now barred by the statute.[1]

4. We are also of opinion, that the defendant's fourth and last objection, namely, that an action on a bail bond taken in another State does not lie, is well sustained. Regularly, such an action must be brought in the same court where the bail is given. Some cases have been cited in which it has been sustained in another court and county ; but the cases proceeded on the ground of necessity. The bail had removed from the county in which the original action was commenced ; and by the law of New York, process against them was required to *be served personally, if living within the State. Davis* v. *Gillet,* 7 Johns. R. 318.

In this case no such necessity appears. On the contrary, the plaintiff, in his second count, avers that he proceeded against the bail in North Carolina to final judgment ; and if the proceedings there were regular, he may recover on that count. If otherwise, still he is not entitled to a remedy in a form of action which might, if allowed, subject the bail to great inconvenience ; and would in many cases render the right of surrendering the principal almost nugatory. There is therefore no necessity for recourse to be had to this form of action, and there is no authority whatever to support it. The rights and liabilities assumed by bail are peculiar, and are defined and regulated by the laws of the State where bail is given ; and to allow an action to be brought on a bail bond taken in another State, might lead to great injustice.[1]

*Plea to third count adjudged good.*

---

[1] See Revised Stat. *c.* 91, § 8.

[1] See *M'Rae* v. *Mattoon,* 13 Pick. 53.